**CAMPBELL AND COOMBS**
1811 S. Alma School Road, Suite 225
Mesa, Arizona 85210
(480) 839-4828 - Telephone
(480) 897-1461 - Facsimile
Harold E. Campbell
State Bar No. 005160
Attorney for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID B SPIEGELGLASS and<br>BRANDY M SPIEGELGLASS<br><br>Debtors. | Chapter 13 Proceeding<br><br>Case No. 08-18222-RJH |
| DAVID B SPIEGELGLASS and<br>BRANDY M SPIEGELGLASS<br><br>Plaintiffs<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY,<br><br>Defendant. | Adversary No. 09- |

**COMPLAINT**

Plaintiffs, David Spiegelglass and Brandy Spiegelglass, by and through their attorneys, Campbell & Coombs, hereby state for their complaint as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a), 11 U.S.C. § 1123(b)(5) and Rule 7001 et seq. Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157 § (b)(2)(B), and 157 (b)(2)(K).

2. Plaintiffs reside in Maricopa County, Arizona and are the Debtors in the above captioned Chapter 13 Proceeding.

3. Defendant, America's Servicing Company ("ASC"), upon information and belief, is licensed to do, write and make residential mortgage loans in the State of Arizona. This complaint pertains to the secured claim of ASC evidenced by the January 13, 2009 proof of claim filed with the court (hereinafter "Second Mortgage").

4. Plaintiffs filed a voluntary Chapter 13 petition on December 16, 2008 in the District of Arizona Case No. 08-18222-RJH

5. Plaintiffs, at the time of the filing of their case, were the owners of certain real property located at 884 East Cherry Hills Drive, Chandler, AZ 85249 (the "Property") with a legal description as follows:

> Lot 439, LAGOS VISTOSO, according to Book 599 of Maps, Page 25, and thereafter Certificate of Change recorded in Document No. 02-1142082, records of Maricopa County, Arizona.

6. The Plaintiff believes that the Property is worth $205,000 based on an appraisal dated December 8, 2008.

7. The Property is subject to a first mortgage lien in favor of ASC which was dually recorded. The payoff to ASC for the first mortgage as of November 20, 2008 was $255,850.70.

8. The Property is also subject to a second mortgage lien in favor of the Defendant which was recorded on December 20, 2005. The defendant filed a proof of claim in the amount of $65,409.74 on January 13, 2009.

9. Plaintiff asserts that after applying the first mortgage lien of ASC that there is no equity remaining for which ASC's second mortgage lien to attach to.

| | |
|---|---|
| Appraised Value of the Property | $205,000.00 |
| Less: First Mortgage Lien | $255,850.70 |
| Available Equity for Second Lien | ($50,850.70) |

10. Plaintiffs assert that pursuant to 11 U.S.C. §§506(a)(1) and 506(d), Defendant's Second Mortgage claim is totally unsecured and its lien (Deed of Trust) upon the Debtors' real property is void.

**WHEREFORE,** Plaintiffs pray that this Court find in favor of the Plaintiffs and Order the following:

    a. That there is insufficient equity for Defendant's Second Mortgage lien to attach and that Defendant's Second Mortgage lien is totally unsecured and void.

b. That this Court order the Defendant to cancel and release the second mortgage lien on the residential real estate of the Debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver a copy of the release to the attorney for the Debtors within 20 days form the date of the discharge at no charge or fee for the release and delivery.

c. That the Order of this Court may be recorded and the same shall have the effect of voiding the Second Mortgage lien on the public records.

d. That Plaintiffs recover any relief that this Court deems justified and appropriate.

]RESPECTFULLY SUBMITTED 4th day of September, 2009

                          CAMPBELL & COOMBS

                          By: /s/ HEC 005160
                                Harold E. Campbell
                                Attorney for Movant